IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
UNITED STATES OF AMERICA

| | | |
|---|---|---|
| NEBUL PHANNARATH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:    3:22-cv-1508 |
| | ) | |
| v. | ) | |
| | ) | |
| GOLDEN TRUCKING, LLC, | ) | |
| **Serve:** | ) | |
| **2340 E 32nd Street Apt. 233** | ) | |
| **Minneapolis, MN 55406** | ) | **Demand for Jury Trial** |
| | ) | |
| HIRSI MOHAMMED DUHULOW, | ) | |
| **Serve:** | ) | |
| **204 Piper Street Apt. 8** | ) | |
| **Grand Island, NE 68803** | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| MOHAMED H. MOHAMED | ) | |
| **Serve:** | ) | |
| **424 N. Wheeler Avenue** | ) | |
| **Grand Island, NE 68801** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Nebul Phannarath, through counsel, and for his cause of action against Defendants Golden Trucking, LLC, Hirsi Mohammed Duhulow, and Mohamed H. Mohamed, states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1. At all relevant times, Plaintiff Nebul Phannarath was and is a citizen of the State of Missouri.

2. At all relevant times, Defendant Golden Trucking, LLC ("Golden Trucking") was and is a Minnesota Limited Liability Company that regularly conducts the business of trucking

in the State of Illinois, with its principal place of business at 8700 W. 36th Street Suite 128, Minneapolis, MN 55426.

3.  At all relevant times, Defendant Hirsi Mohammed Duhulow ("Duhulow") was and is a citizen of Nebraska.

4.  At all relevant times, Defendant Duhulow was an agent, servant and/or employee of Golden Trucking and was acting within the scope of his employment.

5.  At all relevant times, Defendant Mohamed H. Mohamed ("Mohamed") was and is a citizen of Nebraska.

6.  At all relevant times, Defendant Mohamed was an agent, servant and/or employee of Golden Trucking and was acting within the scope of his employment.

7.  The amount in controversy, without interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00).

8.  Plaintiff, a citizen of Missouri, and Defendants, citizens of Minnesota and Nebraska, are diverse parties; and the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs. Therefore, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(2).

9.  This case arises out of a motor vehicle collision which occurred at Gateway Commerce Center Drive, at or near its intersection with Inner Park Drive, which is an open and public thoroughfare located in the City of Edwardsville, Madison County, State of Illinois.

10. At all relevant times, Defendant Golden Trucking was operating an interstate commercial motor carrier.

11. As part of its business operations, Defendant Golden Trucking has purposefully availed itself to the State of Illinois by consistently and systematically transporting its vehicles

and freight throughout Illinois, thereby, establishing sufficient minimum contacts with Illinois. Individually, each Defendant committed one or more torts in Illinois.

12. This Court has personal jurisdiction over Defendants pursuant to Illinois's long-arm statute 735 ILCS 5/2-209, which allows actions in which out-of-state service is required when any person or firm transacts business in the State of Illinois or commits a tortious act within the State of Illinois.

13. At all relevant times, Defendant Golden Trucking, LLC, was a commercial motor carrier registered by the U.S. Department of Transportation, D.O.T. # 2288507, and authorized to conduct business in the United States and the State of Illinois.

14. At all relevant times, including on October 29, 2020, Defendants Duhulow and Mohamed transported and/or operated a tractor-trailer vehicle in the course of their scope of their employment and/or agency for Defendant Golden Trucking throughout Illinois, including the Southern District of Illinois.

15. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Illinois.

**Agency/Employment**

16. At all relevant times herein and at the time of this crash, Defendant Golden Trucking was acting individually and through its drivers, agents, servants, and/or employees, each of whom were acting within their course and scope of their employment with Defendant Golden Trucking.

17. At all relevant times, Defendants were subject to and required to abide by the rules and regulations set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations), and The Illinois Motor Carrier Safety Law, set forth in 625 ILCS

5/18b, while operating as an interstate commercial motor carrier in the State of Illinois, as well as 625 ILCS 5/11 of the Illinois Traffic Code.

18.   At all relevant times, Defendants Duhulow and Mohamed were employees, agents, and/or servants of Defendant Golden Trucking and were working for the benefit of and within the course and scope of said employment.

19.   At all relevant times, Defendant Golden Trucking either controlled or had the right to control the physical conduct of Defendants Duhulow and Mohamed, as well as the tractor-trailer they operated.

**Joint Venture/Mutual Agency**

20.   As an alternative, upon information and belief, Defendants Golden Trucking, Duhulow, and/or Mohamed undertook by express or implied agreement to enter into a joint venture and/or mutual agency with one another to carry out the common purpose of operating a commercial motor vehicle interstate for profit with each having a right to control and a right to control the direction of the joint venture.

21.   As an alternative, upon information and belief, Defendants Golden Trucking, Duhulow, and/or Mohamed were working as a joint venture and/or agents, servants, and/or employees of one another with respect to the trip in question when the crash took place on October 29, 2020.

**The Crash**

22.   On October 29, 2020, Plaintiff Nebul Phannarath drove a tractor-trailer in southwesterly direction in the left lane of Gateway Commerce Center Drive, just before its intersection with Inner Park Drive.

23.   As Plaintiff approached Inner Park Drive in the left lane of Gateway Commerce Center Drive, Plaintiff could see Defendants' tractor-trailer stopped and/or traveling at an

extremely slow rate of speed, in the right travel lane of Gateway Commerce Center Drive, at or about Gateway Commerce Center Drive's intersection with Inner Park Drive.

24. The following dash cam still fairly and accurately depicts what Plaintiff saw on his approach to Inner Park Drive:



25. At the above-mentioned time and place, as Plaintiff reached Inner Park Drive in the left travel lane of Gateway Commerce Center Drive, Defendants Duhulow and/or Mohammed suddenly turned left toward Inner Park Drive (from the right travel lane), cutting into the left travel lane and striking Plaintiff's tractor-trailer.

26. The above-mentioned collision caused or contributed to cause Plaintiff Phannarath to sustain serious injuries to his head, neck, back, shoulders, and arms.

**COUNT I**
**NEGLIGENCE/WILLFUL & WANTON**
**DEFENDANTS GOLDEN TRUCKING & DUHULOW**

COMES NOW, Plaintiff Nebul Phannarath, through counsel and for Count I of his cause of action against Defendants Golden Trucking, LLC, and Hirsi Mohammed Duhulow, states as follows:

27. Plaintiff repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if fully set forth herein.

28. The State of Illinois has enacted laws and regulations governing the operation of motor vehicles on the roads and highways of this state, including:

   a. 625 ILCS 5/11-501(a): which prohibits a driver from driving or controlling a vehicle when under the influence of alcohol, other drug(s), and/or intoxicating compound(s).

   b. 625 ILCS 5/11-601(a): which provides that "no vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property."

   c. 625 ILCS 5/11-709: requiring that vehicles shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

   d. 625 ILCS 5/11-801(a)(2): which provides that "the driver of a vehicle intending to turn left at any intersection shall approach the intersection in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle, and after entering the intersection, the left turn shall be made so as to leave the intersection in a lane lawfully available to traffic moving in such direction upon the roadway being entered."

   e. 625 ILCS 5/11-804(a): which prohibits a driver from making a right or left turn upon a roadway "until and unless such a movement can be made with reasonable safety."

   f. 625 ILCS 5/11-804(b): which requires a driver to give a signal of intention to turn right or left before making such a movement.

   g. 625 ILCS 5/11-805: which provides a driver shall give the required turn signal "either by means of the hand and arm or by an electric turn signal device."

   h. 625 ILCS 5/12-610.2(b): which prohibits the operation of a motor vehicle on a roadway while using an electronic communication device.

   i. 625 ILCS 5/18b-105(b): setting forth the required qualifications of commercial drivers, permitted hours of service, the operation of commercial motor vehicles and safety and fitness procedures for motor carriers and drivers of commercial motor vehicles.

j.  Defendants' violation of the aforementioned laws, statutes, and regulations proximately caused Plaintiff's injuries and is prima facie evidence of Defendants' negligence.

29.  At all relevant times, Defendants owed a legal duty to Plaintiff and to all other members of the public on the roadway to exercise the degree of care a very careful person would use under the same or similar circumstances in the operation of his motor vehicle.

30.  Defendants, at all relevant times set forth herein, were subject to and required to abide by the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations) and The Illinois Motor Carrier Safety Law, set forth in 625 ILCS 5/18b-100, while operating as an interstate commercial motor carrier in the State of Illinois, as well as 625 ILCS 5/11 of the Illinois Traffic Code.

31.  At the above-mentioned time and place, Defendant Duhulow drove in violation of Illinois law by failing to exercise the highest degree of care or required degree of care to other motorists on the roadway.

32.  At the above-mentioned time and place, Defendant Duhulow failed to keep a careful lookout.

33.  At the above-mentioned time and place, Defendant Duhulow failed to keep his vehicle in a single lane of travel and improperly used said lanes.

34.  At the above-mentioned time and place, Defendant Duhulow drove his vehicle at an excessive speed.

35.  At the above-mentioned time and place, Defendant Duhulow drove too fast for conditions.

36.  At the above-mentioned time and place, Defendant Duhulow drove while distracted and inattentive to the road.

37.  At the above-mentioned time and place, Defendant Duhulow failed to yield the right-of-way to Plaintiff Phannarath's vehicle.

38.  At the above-mentioned time and place, Defendant Duhulow made an improper left turn.

39.  At the above-mentioned time and place, Defendant Duhulow made a left turn with his commercial motor vehicle from a lane which was not the extreme left-hand lane lawfully available to traffic moving in the direction Defendant Duhulow was traveling.

40.  At the above-mentioned time and place, Defendant Duhulow made a left turn at a time in which such movement could not be made with reasonable safety.

41.  At the above-mentioned time and place, Defendant Duhulow made a left turn without giving the appropriate turn signal either by his hand and arm or by an electric signal device.

42.  At the above-mentioned time and place, Defendant Duhulow failed to stop, slow, slacken his speed, sound his horn, and/or swerve to avoid colliding with another vehicle when he knew or could have known there was a danger of collision.

43.  At the above-mentioned time and place, Defendant Duhulow drove while unqualified to operate a commercial motor vehicle.

44.  At the above-mentioned time and place, Defendant Duhulow drove while intoxicated and/or while under the influence of a controlled substance to the extent that his driving ability was impaired in violation of 49 C.F.R. §§ 382.201, *et seq.* and 625 ILCS 5/18b-105(b).

45.  At the above-mentioned time and place, Defendant Duhulow drove in excess of the hours of service allowed or otherwise drove while fatigued in violation of 49 C.F.R. §§ 395, *et seq.* and 625 ILCS 5/18b-105(b).

46. At the above-mentioned time and place, Defendant Duhulow drove a commercial motor vehicle while distracted by and/or while using a hand-held mobile phone in violation of 49 C.F.R. § 392.82 and 625 ILCS 5/12-610.2(b).

47. Defendants Duhulow and Golden Trucking knowingly operated, and/or permitted to be operated, a commercial motor vehicle that was mechanically unsound, non-compliant with applicable federal and state maintenance and safety laws, and that was otherwise a danger to the motoring public and unfit for public roads.

48. In any one or more of the above respects set out in the preceding paragraphs, Defendants Duhulow and Golden Trucking were thereby negligent.

49. Defendants Duhulow and Golden Trucking's negligence and/or recklessness directly caused or directly contributed to cause Plaintiff to suffer injuries to his head, neck, back, shoulders, and arms; to require past and future treatment; to lose wages; and adversely affected his enjoyment of life.

50. At the time Defendant Duhulow was operating his commercial motor vehicle and caused the crash, he knew or had information from which he, in the exercise of ordinary care, should have known, that the conduct described above created a high degree of probability of injury and that his willful and wanton acts/omissions showed an utter indifference and conscious disregard to the safety of other motorists.

51. At the time Defendant Duhulow was operating his commercial motor vehicle and caused the crash, he showed a complete indifference to and/or conscious disregard for the safety of others.

**WHEREFORE,** Plaintiff Nebul Phannarath respectfully prays for judgment against Defendants Golden Trucking, LLC, and Hirsi Mohammed Duhulow in an amount that is fair and reasonable, in excess of Seventy-Five Thousand Dollars (**$75,000.00**), plus costs, interest,

attorney's fees, and an additional amount as punitive damages to punish and deter Defendants and others from like conduct, and for any other relief the Court deems to be just and proper.

**COUNT II**
**NEGLIGENT/WILLFUL & WANTON ENTRUSTMENT**
**DEFENDANT GOLDEN TRUCKING**

COMES NOW, Plaintiff Nebul Phannarath, through counsel and for Count II of his cause of action against Defendant Golden Trucking, LLC, states as follows:

52. Plaintiff repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if fully set forth herein.

53. At all relevant times, Defendant Duhulow was an incompetent driver by reason of inexperience, habitual recklessness, repeated at-fault collisions, lack of knowledge and/or skill to operate a commercial motor vehicle safely, repeated safety rule violations, inadequate training, and/or habitual use of alcohol and/or controlled substances.

54. At all relevant times, Defendant Duhulow had a history of dangerous driving, at-fault collisions and traffic violations, including the following incidents:

    a. On or about January 12, 2019, Defendant Duhulow was operating a tractor-trailer eastbound on Interstate 70 in Indiana near mile marker 33.5 when he ran off the road and crashed into a guard rail. Defendant Duhulow received a citation from the State of Indiana for driving too fast for conditions. Defendant Duhulow was also sued by the State of Indiana for damage to the guard rail caused by his reckless driving.

    b. On or about July 6, 2020, Defendant Duhulow was operating a tractor-trailer northbound on Interstate 75 in the Township of Duchouquet, Auglaize County,

State of Ohio when he received a citation for operating a motor vehicle without being in reasonable control of said vehicle (O.R.C. § 4511.202).

55. At all relevant times, Defendant Golden Trucking owned, controlled, and/or possessed the tractor-trailer operated by Defendant Duhulow at the time of the collision with Plaintiff's vehicle.

56. At all relevant times, Defendant Golden Trucking knew or should have known of Defendant Duhulow's incompetence as a driver, including but not limited to his dangerous driving history—including the aforementioned incidents on January 16, 2019 and July 7, 2020—inexperience, habitual recklessness, repeated at-fault collisions, lack of knowledge and/or skill to operate a commercial motor vehicle safely, repeated safety rule violations, inadequate training, and/or habitual use of alcohol and/or controlled substances.

57. On October 29, 2020, Defendant Golden Trucking entrusted its tractor-trailer to Defendant Duhulow and/or otherwise allowed Duhulow to use the tractor-trailer and was thereby negligent and/or reckless.

58. Defendant Golden Trucking's negligence, recklessness, and willful and wanton conduct concurred with the conduct of Defendant Duhulow as a proximate cause of the harm to Plaintiff.

59. Defendant Golden Trucking's negligence and/or recklessness directly caused or directly contributed to cause Plaintiff to suffer injuries to his head, neck, back, shoulders, and arms; to require past and future treatment; to lose wages; and adversely affected his enjoyment of life.

60. At all relevant times, Defendant Golden Trucking entrusted the tractor-trailer to Defendant Duhulow, Defendant Golden Trucking knew or had information from which

it, in the exercise of ordinary care, should have known that he was unfit to be entrusted to operated is vehicle due to his negative driving history, inexperience, habitual recklessness and/or incompetence, and that allowing Duhulow to use the vehicle created a high degree of probability of injury to other motorists.

61. In allowing Defendant Duhulow to operate the tractor-trailer despite its knowledge described above, Defendant Golden Trucking showed a complete indifference to or conscious disregard for the safety of others, and such willful and wanton conduct directly caused or directly contributed to cause Plaintiff's severe injuries.

**WHEREFORE,** Plaintiff Nebul Phannarath respectfully prays for judgment against Defendants Golden Trucking, LLC, in an amount that is fair and reasonable, in excess of Seventy-Five Thousand Dollars (**$75,000.00**), plus costs, interest, attorney's fees, and an additional amount as punitive damages to punish and deter Defendant and others from like conduct, and for any other relief the Court deems to be just and proper.

### COUNT III
### INDEPENDENT NEGLIGENCE/WILLFUL & WANTON HIRING/RETENTION
### DEFENDANT GOLDEN TRUCKING

COMES NOW, Plaintiff Nebul Phannarath, through counsel and for Count III of his cause of action against Defendant Golden Trucking, LLC, states as follows:

62. Plaintiff repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if fully set forth herein.

63. At all relevant times, Defendant Golden Trucking was subject to and required to abide by the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations) and The Illinois Motor Carrier Safety Law, 625 ILCS 5/18b.

64. Defendant Golden Trucking was also negligent in committing one or more of the following willful and wanton acts and/or omissions with utter indifference and conscious disregard for the safety of other motorists:

    a. In hiring Defendant Duhulow, Defendant Golden Trucking did not hire competent, satisfactory, qualified, safety-conscious, properly trained drivers to operate its vehicles;

    b. Defendant Golden Trucking misjudged and/or overestimated the skills of its employees, including Defendant Duhulow, in their ability to drive its vehicles;

    c. Defendant Golden Trucking failed to train, educate, prepare, or give guidance to its employees, such as Defendant Duhulow, in the use of its vehicles;

    d. Defendant Golden Trucking failed to reasonably supervise, oversee, and/or monitor its employees, such as Defendant Duhulow, in the safe use of its vehicles;

    e. Defendant Golden Trucking was negligent in hiring and retaining Defendant Duhulow in that Defendant Golden Trucking failed to obtain and verify background information required by law before allowing Duhulow to operate a vehicle;

    f. Defendant Golden Trucking was negligent in hiring and retaining Defendant Duhulow as he had a history of dangerous driving, including the aforementioned incidents on January 16, 2019 and July 7, 2020; and

    g. Defendant Golden Trucking was negligent and/or reckless in retaining Defendant Duhulow as he demonstrated a propensity for reckless driving, habitual drug use, and/or the general inability to reliably operate a vehicle without causing a wreck and hurting random members of the public.

65. Defendant Golden Trucking's negligence and/or recklessness directly caused or directly contributed to cause Plaintiff to suffer injuries to his head, neck, back, shoulders, and arms; to require past and future treatment; to lose wages; and adversely affected his enjoyment of life.

66. At all relevant times, Defendant Golden Trucking knew or had information from which it, in the exercise of ordinary care, should have known that the conduct described above and/or its other intentional violation of industry standards, safety regulations, statutes, and its own policies, created a high degree of probability of injury.

67. Defendant Golden Trucking thereby showed a complete indifference to and conscious disregard for the safety of others.

**WHEREFORE,** Plaintiff Nebul Phannarath respectfully prays for judgment against Defendants Golden Trucking, LLC, in an amount that is fair and reasonable, in excess of Seventy-Five Thousand Dollars (**$75,000.00**), plus costs, interest, attorney's fees, and an additional amount as punitive damages to punish and deter Defendant and others from like conduct, and for any other relief the Court deems to be just and proper.

**COUNT IV**
**NEGLIGENT/WILLFUL & WANTON SUPERVISION**
**DEFENDANT GOLDEN TRUCKING**

COMES NOW, Plaintiff Nebul Phannarath, through counsel and for Count II of his cause of action against Defendant Golden Trucking, LLC, states as follows:

68. Plaintiff repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if fully set forth herein.

69. On or about October 29, 2020, Plaintiff Phannarath was injured when an employee, agent, and/or servant of Defendant Golden Trucking turned left and cut into the left travel lane, striking Plaintiff's vehicle.

70.  At the above-mentioned time and place, Defendant Golden Trucking, by and through its employee, agent, and/or servant Defendant Duhulow, had the duty to exercise reasonable and ordinary care to protect Plaintiff Phannarath against unreasonable risk of harm, and was careless, negligent, grossly negligent and/or exhibited a willful and wanton disregard for others in one or more of the following respects:

a.  Defendant Golden Trucking failed to properly supervise, monitor, and/or control its employee, agent, and/or servant Defendant Duhulow given Duhulow's dangerous driving history;

b.  Defendant Golden Trucking failed to investigate and/or monitor Defendant Duhulow's dangerous driving history given that Duhulow received a citation for driving too fast for conditions and was sued damage to a guard rail for an incident on January 12, 2019, and received a citation for operating a vehicle without being in reasonable control of said vehicle on July 6, 2020;

c.  Defendant Golden Trucking allowed/failed to Prevent Defendant Duhulow to operate the tractor-trailer while using an electronic communication device;

d.  Defendant Golden Trucking allowed/failed to prevent Defendant Duhulow to operate the tractor-trailer in excess of the hours of service allowed or otherwise drive while fatigued in violation of 49 C.F.R. §§ 395, *et seq.* and 625 ILCS 5/18b-105(b); and/or

e.  Defendant Golden Trucking allowed/failed to prevent Defendant Duhulow to operate the tractor-trailer while intoxicated and/or while under the influence of a controlled substance to the extent that his driving ability was impaired in violation of 49 C.F.R. §§ 382.201, *et seq.* and 625 ILCS 5/18b-105(b).

71. Defendant Golden Trucking's negligence and/or recklessness directly caused or directly contributed to cause Plaintiff to suffer injuries to his head, neck, back, shoulders, and arms; to require past and future treatment; to lose wages; and adversely affected his enjoyment of life.

72. Defendant Golden Trucking thereby showed a complete indifference to and conscious disregard for the safety of others.

**WHEREFORE,** Plaintiff Nebul Phannarath respectfully prays for judgment against Defendants Golden Trucking, LLC, in an amount that is fair and reasonable, in excess of Seventy-Five Thousand Dollars (**$75,000.00**), plus costs, interest, attorney's fees, and an additional amount as punitive damages to punish and deter Defendant and others from like conduct, and for any other relief the Court deems to be just and proper.

**COUNT V**
**NEGLIGENCE/WILLFUL & WANTON**
**DEFENDANT MOHAMED**

COMES NOW, Plaintiff Nebul Phannarath, through counsel and for Count V of his cause of action against Defendant Mohamed H. Mohamed, states as follows:

73. Plaintiff repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if fully set forth herein.

74. Pleading in the alternative and hypothetically, Defendant Mohamed was operating the tractor-trailer owned by Defendant Golden Trucking at the time of the subject accident and was in the course and scope of his employment/agency.

75. The State of Illinois has enacted laws and regulations governing the operation of motor vehicles on the roads and highways of this state, including:

   a. 625 ILCS 5/11-501(a): which prohibits a driver from driving or controlling a vehicle when under the influence of alcohol, other drug(s), and/or intoxicating compound(s).

b.   625 ILCS 5/11-601(a): which provides that "no vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property."

c.   625 ILCS 5/11-709: requiring that vehicles shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

d.   625 ILCS 5/11-801(a)(2): which provides that "the driver of a vehicle intending to turn left at any intersection shall approach the intersection in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle, and after entering the intersection, the left turn shall be made so as to leave the intersection in a lane lawfully available to traffic moving in such direction upon the roadway being entered."

e.   625 ILCS 5/11-804(a): which prohibits a driver from making a right or left turn upon a roadway "until and unless such a movement can be made with reasonable safety."

f.   625 ILCS 5/11-804(b): which requires a driver to give a signal of intention to turn right or left before making such a movement.

g.   625 ILCS 5/11-805: which provides a driver shall give the required turn signal "either by means of the hand and arm or by an electric turn signal device."

h.   625 ILCS 5/12-610.2(b): which prohibits the operation of a motor vehicle on a roadway while using an electronic communication device.

i.   625 ILCS 5/18b-105(b): setting forth the required qualifications of commercial drivers, permitted hours of service, the operation of commercial motor vehicles and safety and fitness procedures for motor carriers and drivers of commercial motor vehicles.

j.   Defendants' violation of the aforementioned laws, statutes, and regulations proximately caused Plaintiff's injuries and is prima facie evidence of Defendants' negligence.

76.   At all relevant times, Defendant Mohamed owed a legal duty to Plaintiff and to all other members of the public on the roadway to exercise the degree of care a very careful person would use under the same or similar circumstances in the operation of his motor vehicle.

77.  Defendant Mohamed, at all relevant times set forth herein, was subject to and required to abide by the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations) and The Illinois Motor Carrier Safety Law, set forth in 625 ILCS 5/18b, while operating as an interstate commercial motor carrier in the State of Illinois, as well as 625 ILCS 5/11 of the Illinois Traffic Code.

78.  At the above-mentioned time and place, Defendant Mohamed drove in violation of Illinois law by failing to exercise the highest degree of care or required degree of care to other motorists on the roadway.

79.  At the above-mentioned time and place, Defendant Mohamed failed to keep a careful lookout.

80.  At the above-mentioned time and place, Defendant Mohamed failed to keep his vehicle in a single lane of travel and improperly used said lanes.

81.  At the above-mentioned time and place, Defendant Mohamed drove his vehicle at an excessive speed.

82.  At the above-mentioned time and place, Defendant Mohamed drove too fast for conditions.

83.  At the above-mentioned time and place, Defendant Mohamed drove while distracted and inattentive to the road.

84.  At the above-mentioned time and place, Defendant Mohamed failed to yield the right-of-way to Plaintiff Phannarath's vehicle.

85.  At the above-mentioned time and place, Defendant Mohamed made an improper left turn.

86. At the above-mentioned time and place, Defendant Mohamed made a left turn from a lane which was not the extreme left-hand lane lawfully available to traffic moving in the direction Defendant Mohamed was traveling.

87. At the above-mentioned time and place, Defendant Mohamed made a left turn at a time in which such movement could not be made with reasonable safety.

88. At the above-mentioned time and place, Defendant Mohamed made a left turn without giving the appropriate turn signal either by his hand and arm or by an electric signal device.

89. At the above-mentioned time and place, Defendant Mohamed failed to stop, slow, slacken his speed, sound his horn, and/or swerve to avoid colliding with another vehicle when he knew or could have known there was a danger of collision.

90. At the above-mentioned time and place, Defendant Mohamed drove while unqualified to operate a commercial motor vehicle.

91. At the above-mentioned time and place, Defendant Mohamed drove while intoxicated and/or while under the influence of a controlled substance to the extent that his driving ability was impaired in violation of 49 C.F.R. §§ 382.201, *et seq.* and 625 ILCS 5/18b-105(b).

92. At the above-mentioned time and place, Defendant Mohamed drove in excess of the hours of service allowed or otherwise drove while fatigued in violation of 49 C.F.R. §§ 395, *et seq.* and 625 ILCS 5/18b-105(b).

93. At the above-mentioned time and place, Defendant Mohamed drove a commercial motor vehicle while distracted by and/or while using a hand-held mobile phone in violation of 49 C.F.R. § 392.82 and 625 ILCS 5/12-610.2(b).

94. Defendant Mohamed knowingly operated, and/or permitted to be operated, a commercial motor vehicle that was mechanically unsound, non-compliant with applicable federal and state maintenance and safety laws, and that was otherwise a danger to the motoring public and unfit for public roads.

95. In any one or more of the above respects set out in the preceding paragraphs, Defendant Duhulow was thereby negligent.

96. Notwithstanding the alternative pleading, Defendant Mohamed was otherwise negligent in that he shared responsibility for regulatory compliance and the safe operation of the tractor-trailer. Moreover, Mohamed knew or should have known of the alleged violations and negligence of Duhulow as alleged herein and incorporated herein by reference, yet permitted and assisted in the continued operation of the commercial motor vehicle.

97. Defendant Mohamed's negligence and/or recklessness directly caused or directly contributed to cause Plaintiff to suffer injuries to his head, neck, back, shoulders, and arms; to require past and future treatment; to lose wages; and adversely affected his enjoyment of life.

98. At the time Defendant Mohamed was operating his commercial motor vehicle and caused the crash, he knew or had information from which he, in the exercise of ordinary care, should have known, that the conduct described above created a high degree of probability of injury and that this willful and wanton acts/omissions showed an utter indifference and conscious disregard to the safety of other motorists.

99. At the time Defendant Mohamed was operating his commercial motor vehicle and caused the crash, he showed a complete indifference to and/or conscious disregard for the safety of others.

**WHEREFORE,** Plaintiff Nebul Phannarath respectfully prays for judgment against Defendant Mohamed H. Mohamed in an amount that is fair and reasonable, in excess of Seventy-Five Thousand Dollars (**$75,000.00**), plus costs, interest, attorney's fees, and an additional amount as punitive damages to punish and deter Defendant and others from like conduct, and for any other relief the Court deems to be just and proper.

<u>**COUNT VI**</u>
**<u>NEGLIGENT/WILLFUL & WANTON ENTRUSTMENT</u>**
**DEFENDANT GOLDEN TRUCKING**

COMES NOW, Plaintiff Nebul Phannarath, through counsel and for Count VI of his cause of action against Defendant Golden Trucking, LLC, states as follows:

100. Plaintiff repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if fully set forth herein.

101. Pleading in the alternative and hypothetically, Defendant Mohamed was operating the tractor-trailer owned by Defendant Golden Trucking at the time of the subject accident and was in the course and scope of his employment/agency.

102. At all relevant times, Defendant Mohamed was an incompetent driver by reason of inexperience, habitual recklessness, repeated at-fault collisions, lack of knowledge and/or skill to operate a commercial motor vehicle safely, repeated safety rule violations, inadequate training, and/or habitual use of alcohol and/or controlled substances.

103. At all relevant times, Defendant Golden Trucking owned, controlled, and/or possessed the tractor-trailer operated by Defendant Mohamed at the time of the collision with Plaintiff's vehicle.

104. At all relevant times, Defendant Golden Trucking knew or should have known of Defendant Mohamed's incompetence as a driver, including but not limited to his

inexperience, habitual recklessness, repeated at-fault collisions, lack of knowledge and/or skill to operate a commercial motor vehicle safely, repeated safety rule violations, inadequate training, and/or habitual use of alcohol and/or controlled substances.

105. On October 29, 2020, Defendant Golden Trucking entrusted its tractor-trailer to Defendant Mohamed and/or otherwise allowed Mohamed to use the tractor-trailer and was thereby negligent and/or reckless.

106. Defendant Golden Trucking's negligence, recklessness, and willful and wanton conduct concurred with the conduct of Defendant Mohamed as a proximate cause of the harm to Plaintiff.

107. Defendant Golden Trucking's negligence and/or recklessness directly caused or directly contributed to cause Plaintiff to suffer injuries to his head, neck, back, shoulders, and arms; to require past and future treatment; to lose wages; and adversely affected his enjoyment of life.

108. At all relevant times, Defendant Golden Trucking entrusted the tractor-trailer to Defendant Mohamed, Defendant Golden Trucking knew or had information from which it, in the exercise of ordinary care, should have known that he was unfit to be entrusted to operated is vehicle due to his negative driving history, inexperience, habitual recklessness and/or incompetence, and that allowing Duhulow to use the vehicle created a high degree of probability of injury to other motorists.

109. In allowing Defendant Mohamed to operate the tractor-trailer despite its knowledge described above, Defendant Golden Trucking showed a complete indifference to or conscious disregard for the safety of others, and such willful and wanton conduct directly caused or directly contributed to cause Plaintiff's severe injuries.

**WHEREFORE,** Plaintiff Nebul Phannarath respectfully prays for judgment against Defendant Golden Trucking, LLC, in an amount that is fair and reasonable, in excess of Seventy-Five Thousand Dollars (**$75,000.00**), plus costs, interest, attorney's fees, and an additional amount as punitive damages to punish and deter Defendant and others from like conduct, and for any other relief the Court deems to be just and proper.

**COUNT VII**
**INDEPENDENT NEGLIGENCE/WILLFUL & WANTON HIRING/RETENTION**
**DEFENDANT GOLDEN TRUCKING**

COMES NOW, Plaintiff Nebul Phannarath, through counsel and for Count VII of his cause of action against Defendant Golden Trucking, LLC, states as follows:

110. Plaintiff repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if fully set forth herein.

111. Pleading in the alternative and hypothetically, Defendant Mohamed was operating the tractor-trailer owned by Defendant Golden Trucking at the time of the subject accident and was in the course and scope of his employment/agency.

112. At all relevant times, Defendant Golden Trucking was subject to and required to abide by the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations) and The Illinois Motor Carrier Safety Law, 625 ILCS 5/18b.

113. Defendant Golden Trucking was also negligent in committing one or more of the following willful and wanton acts and/or omissions with utter indifference and conscious disregard for the safety of other motorists:

   a. In hiring Defendant Mohamed, Defendant Golden Trucking did not hire competent, satisfactory, qualified, safety-conscious, properly trained drivers to operate its vehicles;

b. Defendant Golden Trucking misjudged and/or overestimated the skills of its employees, including Defendant Mohamed, in their ability to drive its vehicles;

c. Defendant Golden Trucking failed to train, educate, prepare, or give guidance to its employees, such as Defendant Mohamed, in the use of its vehicles;

d. Defendant Golden Trucking failed to reasonably supervise, oversee, and/or monitor its employees, such as Defendant Mohamed, in the safe use of its vehicles;

e. Defendant Golden Trucking was negligent in hiring and retaining Defendant Mohamed in that Defendant Golden Trucking failed to obtain and verify background information required by law before allowing Duhulow to operate a vehicle; and

f. Defendant Golden Trucking was negligent and/or reckless in retaining Defendant Duhulow as he demonstrated a propensity for reckless driving, habitual drug use, and/or the general inability to reliably operate a vehicle without causing a wreck and hurting random members of the public.

114. Defendant Golden Trucking's negligence and/or recklessness directly caused or directly contributed to cause Plaintiff to suffer injuries to his head, neck, back, shoulders, and arms; to require past and future treatment; to lose wages; and adversely affected his enjoyment of life.

115. At all relevant times, Defendant Golden Trucking knew or had information from which it, in the exercise of ordinary care, should have known that the conduct described above and/or its other intentional violation of industry standards, safety regulations, statutes, and its own policies, created a high degree of probability of injury.

116. Defendant Golden Trucking thereby showed a complete indifference to and conscious disregard for the safety of others.

**WHEREFORE,** Plaintiff Nebul Phannarath respectfully prays for judgment against Defendants Golden Trucking, LLC, in an amount that is fair and reasonable, in excess of Seventy-Five Thousand Dollars (**$75,000.00**), plus costs, interest, attorney's fees, and an additional amount as punitive damages to punish and deter Defendant and others from like conduct, and for any other relief the Court deems to be just and proper.

**COUNT IV**
**NEGLIGENT/WILLFUL & WANTON SUPERVISION**
**DEFENDANT GOLDEN TRUCKING**

COMES NOW, Plaintiff Nebul Phannarath, through counsel and for Count II of his cause of action against Defendant Golden Trucking, LLC, states as follows:

117. Plaintiff repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if fully set forth herein.

118. On or about October 29, 2020, Plaintiff Phannarath was injured when an employee, agent, and/or servant of Defendant Golden Trucking turned left and cut into the left travel lane, striking Plaintiff's vehicle.

119. At the above-mentioned time and place, Defendant Golden Trucking, by and through its employee, agent, and/or servant Defendant Duhulow, had the duty to exercise reasonable and ordinary care to protect Plaintiff Phannarath against unreasonable risk of harm, and was careless, negligent, grossly negligent and/or exhibited a willful and wanton disregard for others in one or more of the following respects:

    a. Defendant Golden Trucking allowed/failed to prevent Defendant Mohamed to operate the tractor-trailer in excess of the hours of service allowed or otherwise drive while fatigued in violation of 49 C.F.R. §§ 395, *et seq.* and 625 ILCS 5/18b-105(b);

b.  Defendant Golden Trucking allowed/failed to prevent Defendant Mohamed to operate the tractor-trailer while intoxicated and/or while under the influence of a controlled substance to the extent that his driving ability was impaired in violation of 49 C.F.R. §§ 382.201, *et seq.* and 625 ILCS 5/18b-105(b); and/or

c.  Defendant Golden Trucking allowed/failed to Prevent Defendant Duhulow to operate the tractor-trailer while using an electronic communication device;

120. Defendant Golden Trucking's negligence and/or recklessness directly caused or directly contributed to cause Plaintiff to suffer injuries to his head, neck, back, shoulders, and arms; to require past and future treatment; to lose wages; and adversely affected his enjoyment of life.

121. Defendant Golden Trucking thereby showed a complete indifference to and conscious disregard for the safety of others.

**WHEREFORE,** Plaintiff Nebul Phannarath respectfully prays for judgment against Defendants Golden Trucking, LLC, in an amount that is fair and reasonable, in excess of Seventy-Five Thousand Dollars (**$75,000.00**), plus costs, interest, attorney's fees, and an additional amount as punitive damages to punish and deter Defendant and others from like conduct, and for any other relief the Court deems to be just and proper.

**GOLDBLATT + SINGER**

  _/s/ Amanda N. Murphy_
**AMANDA N. MURPHY #6295289**
[amurphy@stlinjurylaw.com](mailto:amurphy@stlinjurylaw.com)
**JASON D. GUERRA #6281822**
[jguerra@stlinjurylaw.com](mailto:jguerra@stlinjurylaw.com)
**8182 Maryland Ave., Ste. 801**
**Clayton, MO 63105**
**(314) 231-4100 – Telephone**
**(314) 241-5078 – Facsimile**

*ATTORNEY FOR PLAINTIFF*